JOHN W. GOTSCH, PLAINTIFF-RESPONDENT, v. GAIL GOTSCH, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 3, 1972—Decided November 17, 1972.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Messrs. Kavesh & Basile,* attorneys for appellant (*Mr. Irwin Kavesh,* on the brief).

*Messrs. Greenblatt and Greenblatt,* attorneys for respondent (*Mr. George J. Stillwell,* on the brief).

PER CURIAM. On July 5, 1970 plaintiff was injured when an automobile operated by defendant in which he was a passenger struck a stone wall. Plaintiff and defendant were married to each other on August 22, 1970.

The undisputed facts disclose that plaintiff retained counsel in the matter on August 17, 1970, and that counsel contacted plaintiff's insurance carrier on that day. The within action was instituted by plaintiff on September 8, 1970.

Defendant moved for summary judgment on August 17, 1971. Her motion was premised on the decision of the Supreme Court in *Darrow v. Hanover Tp.,* 58 *N. J.* 410 (1971), which held (at 420) that the abolition of interspousal immunity determined in *Immer v. Risko,* 56 *N. J.* 482 (1970), was "available only to persons suffering injuries in automobile accidents occurring after July 10, 1970, the date *Immer* was decided." The motion was argued and decided before the decision of another part of this court in *Berry v. Berry,* 120 *N. J. Super.* 452 (App. Div. 1972), which upheld a dismissal of a similar action, holding (at 455) that the defense of interspousal immunity depended upon "the status of the parties when the cause of action is judicially determined — not when the cause of action accrued or suit was commenced."

Judge Staller in the Law Division denied defendant's motion, finding that the policy reasons for prospectivity set forth in *Darrow* were absent here.

We are constrained to disagree with the holding of our brethren in *Berry,* above, and affirm substantially for the reasons set forth in the opinion of Judge Staller, 121 *N. J. Super.* 479.

The Supreme Court in *Darrow* decided against following the traditional view that the overruling of a judicial precedent should be retrospective (58 *N. J.* at 413) because of two basic policy considerations: (1) that there had been justifiable reliance on earlier decisions in this State upholding interspousal immunity (at 415), and (2) that prospectiveness would foster stability since it would avoid the necessity of opening claims which might have gone stale because of a failure to investigate promptly (at 419). It is readily apparent that neither "consideration" has any bearing on this case. The insurance carrier here involved was notified of plaintiff's injuries promptly after the accident and prior to the marriage, and had discussed the matter with plaintiff's attorney. The action was instituted promptly thereafter. The motion for summary judgment was not made until almost one year later, and, then, only because of the decision in *Darrow*. There was obviously no reliance and no prejudice.

Affirmed.